## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS A. CARRERO,<br><br>**Plaintiff**<br><br>v.<br><br>MOLINA HEALTHCARE OF PUERTO RICO, INC.,<br><br>**Defendant** | CIVIL NO. 21-1605 (RAM) |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court are Molina Healthcare of Puerto Rico, Inc.'s ("Molina PR") counterclaims against Mr. Carlos A. Carrero for breach of contract and unjust enrichment. (Docket No. 17 at 6-10). The Court **ORDERS** Mr. Carrero to **SHOW CAUSE** on or before **August 28, 2023** as to why the Court should not grant partial summary judgment in favor of Molina PR finding Mr. Carrero liable for breach of contract based on the Court's findings at Docket No. 63 and on the following additional facts that may not be genuinely in dispute:[1]

1. The Waiver and Release Agreement signed by Mr. Carrero on November 2, 2023 (the "Updated Waiver and Release Agreement")

---

[1] *See* Fed R. Civ. P. 56(f)(3) ("[a]fter giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute").

contains the following relevant provisions (in addition to those included in the Court's *Opinion and Order* at Docket No. 63):

4. **General Release**. Executive, for himself and for his heirs, executors, administrators, successors, and assigns, does hereby irrevocably and unconditionally waive, release and forever discharge, Company, its past and present parents, subsidiaries, affiliates, divisions, predecessors, successors, and assigns, and its and their respective current and former employees, officers, directors and agents (collectively, the "Released Parties"), from any and all past or present claims, demands, causes of action, lawsuits, grievances, obligations, damages, expenses, attorneys' fees, and liabilities of whatever kind or nature, known or unknown (all hereinafter referred to as "Claims"), which he ever had, now has, or may hereafter claim to have had, against the Released Parties or any of them based on any events, facts or circumstances arising at any time on or before the date of this Agreement, including but not limited to claims that relate to Executive's service with Company and/or the separation from such service. Executive agrees that this general release of Claims includes, but is not limited to, (a) claims of race, age, gender, sexual orientation, religious or national origin discrimination or any other legally protected status under Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); and under any other federal, state or local laws, as amended; (b) claims based on any other federal, state or local laws, including but not limited to the Equal Pay Act; the Americans with Disabilities Act; the Americans with Disabilities Act Amendments Act; the Labor Management Relations Act; the Employee Retirement Income Security Act ("ERISA"); the Sarbanes-Oxley Act of 2002; the Worker

Adjustment and Retraining Notification Act ("WARN"); as well as any amendments to those laws; (c) claims of disputed wages or entitlement to any other pay; (d) claims of wrongful discharge under local Law 80 of 1976, or retaliation; (e) claims of breach of any implied or express contract or covenant (including but not limited to any claims arising under the Offer Letter or under Company's Equity Incentive Plan, Long-Term Incentive Plan or Phantom Stock Plan); (t) claims for violation of personnel policies, handbooks, or any covenant of good faith and fair dealing; (g) claims for promissory estoppel; (h) ERISA claims; (i) claims for wrongful denial of insurance or other benefits; and (j) claims based on any public policy violation or on any tort, such as invasion of privacy, sexual harassment, defamation, fraud, misrepresentation and/or infliction of emotional distress. Execution of this Agreement by Executive operates as a complete bar and defense against any and all Claims that may be made by Executive against the Released Parties or any of them. Executive expressly understands that among the various claims and rights being waived by Executive in this Agreement are those arising under the ADEA, and in that regard Executive specifically acknowledges that Executive has read and understands the provisions of Section 9 below before signing this Agreement.

5. **Exclusions from General Release; Protected Rights**. Notwithstanding anything to the contrary in Section 4 above, Executive is not prohibited from making or asserting: (a) Executive's rights under this Agreement and any claims arising from the breach of this Agreement by Company, including any claim for breach of Company's obligation to make the payments described in Sections 2 and 3 above; (b) any claims for unemployment compensation, workers' compensation or state disability insurance benefits pursuant to the terms of applicable state laws; and (c) Executive's rights, if any, to indemnity pursuant to law,

Company's articles, bylaws, or any indemnification agreement between Company and Executive; and/or to the protections of any director' and officers' liability policies of Company.

. . .

7. **Waiver of Unknown Claims**. It is Executive's intention (and Executive agrees) that Executive's execution of this Agreement will forever bar every claim, demand or cause of action it releases. Executive agrees that this Agreement shall constitute a complete defense to any such claim, demand or cause of action. Executive recognizes that Executive may have some claim, demand or cause of action against Company or any other Released Party which are part of the Claims that this Agreement releases of which Executive is unaware and unsuspecting which Executive is giving up by execution of this Agreement, but it is Executive's intention (and Executive agrees) that in executing this Agreement he shall be deprived of such claim, demand or cause of action and shall be prevented from asserting it against Company or any other Released Party.

. . .

19. **No Current/Future Actions Filed; Covenant Not To Sue**. Executive represents and warrants that no type of administrative or legal action arising out of claims waived and/or released by this Agreement has been filed to date and that he will not sue or become party to any litigation arising out of claims waived or released by this Agreement. If Executive hereafter commences or becomes party to any action or proceeding against any Released Party based upon any of the claims waived and/or released by this Agreement, the Released Parties will be entitled to apply for an injunction to restrain such violation. This Agreement may be pleaded by the Released

>   Parties as a defense, counterclaim or cross-claim in any such action or proceeding.
>
> 20. **Entire Agreement**. Executive acknowledges that no promises or representations other than those set forth in this Agreement have been made to Executive to induce Executive to sign this Agreement, and that Executive only has relied on promises expressly stated herein. The Parties agree that nothing in this Agreement shall affect the provisions of this Offer Letter that survive the termination of the Executive's employment with the Company. No amendments or modifications to this Agreement shall be binding unless made in a writing specifically referencing this Agreement and signed by Executive and Company.
>
>   . . .
>
> 22. **Breach**. In the event of any breach of this Agreement by Executive, Executive shall indemnify the Released Parties from and against all liabilities, costs and expenses, including attorneys' fees, arising out of said breach.

(Docket Nos. 44-29 and 44-30).

2. The Amendment to Waiver and Release Agreement signed by Mr. Carrero on February 15, 2021 (the "Amendment") contains the following provision:

>   4. **No Other Modification**. Except as provided in this Amendment, the terms and conditions of the [Waiver and Release] Agreement will remain in full force and effect. Any inconsistencies or differences between this Amendment and the Agreement will be interpreted and construed in favor of this Amendment.

(Docket No. 44-34).

3. The Amendment only modifies Mr. Carrero's Termination Date and adds additional compensation for Mr. Carrero in the amount of $15,000. It does not modify any of the above-cited provisions in the Updated Waiver and Release Agreement. Id.

4. Notwithstanding paragraph 19 of the Updated Waiver and Release Agreement, Mr. Carrero commenced the present lawsuit against Molina PR on December 14, 2021. (Docket No. 1).

Additionally, the Court **ORDERS** Molina PR to **SHOW CAUSE** on or before **August 28, 2023** as to why it should not grant partial summary judgment in favor of Mr. Carrero dismissing Molina PR's unjust enrichment counterclaim given the existence of a contract in this case. See Puerto Rico Tel. Co. v. SprintCom, Inc., 662 F.3d 74, 97 (1st Cir. 2011) ("under Puerto Rico law, the doctrine of unjust enrichment does not apply where . . . there is a contract that governs the dispute at issue").

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of August 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge