**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

CARLOS A. CARRERO,

      **Plaintiff,**

        v.

MOLINA HEALTHCARE OF PUERTO
RICO, INC.,

      **Defendant.**

**CIVIL NO. 21-1605 (RAM)**

<u>OPINION AND ORDER</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

      Pending before the Court is Defendant Molina Healthcare of Puerto Rico, Inc.'s ("Molina PR" or "Defendant") *Motion for Attorneys' Fees and Costs* ("*Motion*"). (Docket No. 79). For the reasons set forth below, the *Motion* is **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND**

      On August 11, 2023, this Court granted summary judgment in favor of Defendant Molina PR on Plaintiff Carlos Carrero's ("Plaintiff" or "Carrero") claim that the company induced him through *dolo* (deceit) to sign a severance agreement. (Docket No. 63). On August 14, 2023, the Court ordered Carrero to show cause why the Court should not grant summary judgment in favor of Molina PR on the company's breach-of-contract counterclaim alleging that Carrero breached his covenant not to sue. (Docket No. 64). The

Court also instructed Molina PR to show cause why the Court should not dismiss Molina PR's unjust enrichment counterclaim given the existence of a contract. Id.

On September 22, 2023, the Court granted summary judgment in favor of Molina PR on its breach-of-contract counterclaim and dismissed its unjust enrichment counterclaim. (Docket No. 75). At the same time, the Court instructed Molina PR to brief the amount of damages to be awarded and the standard for calculating attorney's fees where such fees are the actual damages incurred due to a breach of a covenant not to sue, as opposed to incidental damages. Id.

Molina PR filed the present *Motion* on October 5, 2023, and asked the Court to award it $594,841.06 in attorney's fees and costs. (Docket No. 79 at 1). Defendant bases its request on the severance agreement, which requires Carrero to indemnify Molina PR against "all liabilities, costs and expenses, including attorneys' fees, arising out of [a] breach." (Docket Nos. 79-1 at 2 and 44-29 ¶ 22). Although Molina PR argues that the requested amount is reasonable, Defendant's primary argument is that the severance agreement provides for uncapped indemnification and that there is no requirement that it be reasonable. (Docket No. 79-1 at 7).[1]

---

[1] Molina PR initially argued in its counterclaim that Carrero must pay all expenses related to defending against Carrero's claim, "including reasonable

Carrero responded on November 6, 2023. (Docket No. 87). Without addressing the language of the indemnification clause, Plaintiff appeals to "basic legal principles" governing attorney's fees in federal caselaw and argues that excessive awards are prohibited. Id. at 2-3. Plaintiff argues that Molina PR's requested award should be denied because it is based on overstaffing, out-of-town rates, and gratuitous costs. Id. at 3-11.

## II. LEGAL STANDARD

This Court applies Puerto Rico law when it sits in diversity, as it does here. Goya de P.R., Inc. v. Rowland Coffee, 206 F. Supp. 2d 211, 217 (D.P.R. 2002).[2] When the Court encounters a question of law not yet addressed by the Puerto Rico Supreme Court, its task is to ascertain what rule a commonwealth court would most likely apply. See Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 206 (1st Cir. 2015).

---

attorney's fees." (Docket No. 17 at 9). While that initial position likely binds Defendant, see El Mundo Broad. Corp. v. United Steelworkers of Am., 116 F.3d 7, 9 (1st Cir. 1997), the Court will determine the attorney's fees in this case by interpreting the parties' severance agreement on the merits, assuming arguendo that Defendant is not bound by its earlier argument.

[2] The Civil Code of Puerto Rico was revised in 2020, and the new version took effect on November 28, 2020. Rojas v. P.R. CVS Pharm., LLC, 2022 WL 980878, at *1 n.1 (D.P.R. 2022). Because the parties executed their contract earlier that month, on November 3, 2020, this Court applies the previous version of the Code. See (Docket No. 44-30); U.S. Tr. Co. of N.Y. v. New Jersey, 431 U.S. 1, 19 n.17 (1977) ("The obligations of a contract long have been regarded as including not only the express terms but also the contemporaneous state law pertaining to interpretation and enforcement.").

As a general rule, Puerto Rico law requires courts to apply a reasonableness requirement when imposing the legal expenses of one party on another. This practice, which guides the Court in the instant case, is made clear by examples from three separate areas of Puerto Rico law: fee-shifting provisions, the Puerto Rico Rules of Civil Procedure, and the Civil Code provision governing fees for professional services.

### A. Fee-Shifting Statutes

Puerto Rico law contains various fee-shifting statutes, which in certain circumstances allow for the prevailing party to be awarded attorney's fees. Some of these statutes expressly require that the fee award be reasonable. For example, in López Vicil v. ITT Intermedia, Inc., the Puerto Rico Supreme Court analyzed the fee-shifting provision in Puerto Rico Law No. 100, Puerto Rico's employment discrimination law. 43 P.R. Offic. Trans. 43, at 3 (P.R. 1997). That law entitles employees to a "reasonable sum" of attorney's fees if they prevail. P.R. Laws Ann. tit. 29, § 149. In an effort to provide "clear-cut tests" for "determining reasonable attorney's fees," the Puerto Rico Supreme Court held that courts may award attorney's fees in an amount greater than twenty-five percent of the awarded damages only if the employee demonstrates the reasonableness of the "number of hours spent" and "the hourly rate requested." López Vicil, 43 P.R. Offic. Trans. at 3, 6.

Reasonableness requirements also apply to other Puerto Rico fee-shifting statutes where the requirement is not explicit in the statutory language. For instance, federal courts in this district have evaluated attorney's fees for reasonableness when awarding fees under Puerto Rico Law No. 75, the commonwealth's commercial dealership law. Law 75 allows "the granting of attorney's fees to the prevailing party" but contains no express requirement that the fee award be reasonable. P.R. Laws Ann. tit. 10, § 278e. Nevertheless, courts have repeatedly applied a reasonableness requirement and calculated fees awards using the lodestar method. *See* Skytec, Inc. v. Logistic Sys., Inc., 2019 WL 1271459, at *3-4 (D.P.R. 2019), *amended on reconsideration*, 2019 WL 2246775; Casco, Inc. v. John Deere Constr. & Forestry Co., 596 F. Supp. 3d 359, 374-76 (D.P.R. 2022).

### B. **Puerto Rico Rules of Civil Procedure**

A reasonableness requirement also applies when courts award attorney's fees and costs under the Puerto Rico Rules of Civil Procedure. Rule 44.1(d) provides that "[w]here a party or party's counsel has acted obstinately or frivolously," a court must impose "the payment of a sum in attorney's fees which the court may deem to correspond to such conduct." P.R. Laws Ann. tit. 32A, App. V, § 44.1(d). In Corpak, Inc. v. Ramallo Bros. Printing, Inc., the Puerto Rico Supreme Court rejected the notion that Rule 44.1(d)

requires a fee award to "match the actual attorney's fees paid by the prevailing party." 125 D.P.R. 724, 738, slip P.R. Offic. Trans. at 11 (P.R. 1990). Rather, to determine an "adequate and reasonable" award of attorney's fees, the Supreme Court guided courts to consider the obstinacy and frivolity of a party's behavior, as well as the "nature of the action, questions of law involved, amount, time spent, efforts and professional activity displayed, skills and lawyer's reputation, [and] amount at issue." *See* id. at 741, slip P.R. Offic. Trans. at 14.

A similar principle applies to costs. Rule 44.1(a) provides that "[c]osts shall be allowed to the party prevailing in [an] action." P.R. Laws Ann. tit. 32A, App. V, § 44.1(a). The prevailing party must file with the court "a list or memorandum of all necessary expenses and disbursements incurred in the prosecution of the action" and affirm that "all the disbursements were necessary." § 44.1(b). Even if there are no objections, courts "may eliminate any item deemed inappropriate." Id. Thus, rather than awarding all costs that were incurred, commonwealth courts award only those costs that were necessary and appropriate.

C. **Civil Code Provision Governing Fee Disputes**

Finally, Puerto Rico law requires courts to apply a reasonableness requirement when deciding fee disputes between attorneys and their clients. In the absence of a fee agreement,

courts determine an appropriate attorney's fees award by applying Article 1473 of the Puerto Rico Civil Code. In re Franco Rivera, 169 D.P.R. 237, 266, slip P.R. Offic. Trans. at 13-14 (P.R. 2006). That provision prescribes that "where there is no agreement as to remuneration," a professional may sue for "the reasonable value of [his] services." P.R. Laws Ann. tit. 31, § 4111. Accordingly, courts resolve such disputes not by acquiescing to the attorney's invoices but by determining what amount is reasonable in light of the services performed.

These three examples, fee-shifting statutes, the Rules of Civil Procedure, and the Civil Code provision on fee disputes, illustrate how Puerto Rico law generally applies a reasonableness requirement to legal-expense awards. This leads the Court to conclude that a commonwealth court would most likely apply a reasonableness requirement to contractually mandated awards of legal expenses in the absence of clear language to the contrary.[3] With this in mind, the Court turns next to evaluate Molina PR's request for attorney's fees and costs.

### III. DISCUSSION

Clause 22 of the parties' severance agreement provides that:

> In the event of any breach of this Agreement by [Carrero], [Carrero] shall indemnify

---

[3] The Court expresses no view as to whether a commonwealth court would enforce or void a waiver of the reasonableness requirement.

>       [Molina PR] from and against all liabilities,
>       costs and expenses, including attorneys' fees,
>       arising out of said breach.

(Docket No. 44-29 ¶ 22).

Neither the Court nor the parties have identified a commonwealth case addressing whether language like that in Clause 22 requires indemnification of attorney's fees or costs that were unreasonably incurred. However, the Court finds that Puerto Rico courts would apply a reasonableness requirement to Clause 22, just as Puerto Rico law requires them to do when applying other legal-expense provisions.

**A.**  **Significance of the Word "All" in Clause 22**

Molina PR argues that the use of the word "all" in Clause 22 entitles Defendant to "uncapped indemnification," regardless of reasonableness. (Docket No. 79-1 at 7). But that interpretation is unnatural when "all" is read in context. The meaning of the phrase "all liabilities, costs and expenses" is illustrated by the subsequent phrase, "including attorneys' fees." *See* (Docket No. 44-29 ¶ 22); City of Providence v. Barr, 954 F.3d 23, 40 (1st Cir. 2020) (noting that "the word 'including' most commonly 'connotes . . . an illustrative application of the general principle'" (citations omitted) (alteration in original)). Together, these phrases show that "all" refers to the items of costs and expenses that Molina PR might incur but does not bar an

inquiry into reasonableness. *See* <u>Arlington Cent. Sch. Dist. Bd. of</u> <u>Educ. v. Murphy</u>, 548 U.S. 291, 320 (2006) (Breyer, J., dissenting) (discussing various types of expenses that may be implied by the word "costs").

Thus, the mere presence of the word "all" is not enough to trigger an obligation to reimburse excessive or unreasonable expenses. If the parties had wanted to attempt such an agreement, they might have modified the term "costs and expenses" with a phrase like "as incurred," "as paid," "actual," or even "regardless of reasonableness." However, Clause 22 contains nothing of the sort, and a Puerto Rico court would therefore interpret it by applying the normal requirement of reasonableness that applies in other legal-expense contexts. *See also* <u>Jackson v. Hollowell</u>, 685 F.2d 961, 964, 966 (5th Cir. 1982) (holding that agreement to indemnify against "all liability, loss, costs . . . and attorneys' fees" did not refer to "legal expenses which are unreasonable or unnecessary"); <u>Natco Ltd. P'ship. v. Moran Towing of Fla., Inc.</u>, 267 F.3d 1190, 1194, 1196 (11th Cir. 2001) (finding that agreement to indemnify against "any and all loss, damage or liability" contemplated recovery of reasonable legal expenses).

Defendant identifies no Puerto Rico precedent to the contrary. It cites to <u>Kelly v. Riverside Partners, LLC</u>, 964 F.3d 107 (1st Cir. 2020), but fails to mention that the contract in

that case explicitly provided for uncapped indemnification. *See* (Docket No. 79-1 at 6); <u>Kelly</u>, 964 F.3d at 111. The other case that Defendant cites is also unavailing, since attorney's fees were awarded in that case only after the court reviewed them for reasonableness. *See* (Docket No. 79-1 at 6-7); <u>Equitable Life Assur. v. Softex Prods.</u>, 2006 WL 1047032, at *3 (D.P.R. 2006).

Because the normal practice in Puerto Rico law is to apply a reasonableness requirement when awarding legal expenses, and since Molina PR provides no compelling reason to interpret Clause 22 otherwise, the Court will award to Defendant only such attorney's fees and costs that are reasonable.

## B. **Calculation of a Reasonable Award**

The Court begins by determining an appropriate amount of attorney's fees before addressing the reasonableness of Defendant's requested costs.

### 1. **Reasonable attorney's fees**

Defendant seeks $575,022.00 in attorney's fees for the work of four attorneys at King & Spalding LLP ("King & Spalding"), several King & Spalding legal support staff, and an attorney at Pietrantoni, Mendez & Alvarez, L.L.C. ("PMA"). (Docket Nos. 79-1 at 2; 79-2 at 3; 79-5 at 2 and 80-4 at 7, 32, 49, 63). In support of its request, Defendant submitted copies of its legal bills from King & Spalding and PMA. (Docket Nos. 80-4 and 80-5).

The Court concludes that Puerto Rico courts would evaluate this request for fees using the lodestar method. *See* López Vicil, 43 P.R. Offic. Trans. at 3, 6-7 (explaining intent to provide "clear-cut tests to guide trial courts when determining reasonable attorney's fees" and then applying the lodestar method); *see also* Casco, Inc., 596 F. Supp. 3d at 374 (reasoning that the Puerto Rico Supreme Court applied the lodestar method in López Vicil).[4]

The lodestar method requires two steps. First, a court must determine "the number of hours reasonably expended." Pérez-Sosa v. Garland, 22 F.4th 312, 321 (1st Cir. 2022) (citations omitted). Second, the court should "identify a reasonable hourly rate or rates." Id. (citation omitted). Multiplying the reasonable number of hours by the reasonable rate results in a lodestar, i.e., a presumptively reasonable fee award. Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992) (citation omitted). The court may then make upward or downward adjustments to account for special circumstances. Pérez-Sosa, 22 F.4th at 321 (citations omitted).

---

[4] In a separate case, the Puerto Rico Supreme Court rejected the lodestar method for determining attorney's fees under Puerto Rico Rule of Civil Procedure 44.1. Corpak, 125 D.P.R. at 730-31, 734, 736-39, slip P.R. Offic. Trans. at 4-5, 8-12. As indicated, Rule 44.1(d) limits fee awards to an amount that corresponds to a party's obstinate or frivolous conduct. P.R. Laws Ann. tit. 32A, App. V, § 44.1(d). That is unlike the contract provision at issue in this case, which does not tie the amount of the fee award to any particular conduct. *See* (Docket 44-29 ¶ 22). Clause 22 is more similar to the fee-shifting statute that the Supreme Court addressed in López Vicil. *See* López Vicil, 43 P.R. Offic. Trans. at 3; Corpak, 125 D.P.R. at 739 n.15, slip P.R. Offic. Trans. at 12 n.15.

Throughout this calculation, the task of a district court "is to do rough justice, not to achieve auditing perfection." Id. at 322 (citation omitted). Courts "may take into account their overall sense of a suit[] and may use estimates in calculating and allocating an attorney's time." Id. (citation omitted).

i.  *Number of hours reasonably expended*

In reviewing fee requests, courts are to "exclude[e] those hours that are 'excessive, redundant, or otherwise unnecessary.'" Id. at 321 (citations omitted); *see also* López Vicil, 43 P.R. Offic. Trans. at 7. After reviewing the bills submitted by Molina PR, the Court does not conclude that all the hours for which Defendant seeks fees were reasonably expended.

The bills submitted by King & Spalding and PMA contain entries that are too vague to allow the Court to assess whether the time spent on a given task was appropriate. While the Court does not doubt that these entries represent time spent working on this case, their lack of detail prevent the Court from exercising its duty to evaluate whether the time spent was reasonable. *See* Pérez-Sosa, 22 F.4th at 329-30. The problematic King & Spalding entries are as follows:

| Date: | Task Description: | Time: |
|-------|-------------------|-------|
| 9/8/22 | Conduct legal research | 0.4 |
| 9/16/22 | Review documents | 3.8 |

| | | |
|---|---|---|
| 9/19/22 | Review documents | 0.7 |
| 9/20/22 | Review documents | 1.8 |
| 10/21/22 | Conduct legal research | 0.4 |
| 10/24/22 | Draft email to client | 0.3 |
| 10/25/22 | Review documents | 0.6 |
| 1/12/23 | Conduct call with opposing counsel | 0.2 |
| 1/18/23 | Telephone conferences with opposing counsel | 0.3 |
| 2/2/23 | Draft email to opposing counsel | 0.2 |
| 2/23/23 | Conduct legal research | 0.8 |
| 6/2/23 | Draft email to client | 0.3 |
| 6/7/23 | Conduct legal research | 0.7 |
| 8/14/23 | Conduct legal research | 0.6 |
| **Total** | | **11.1** |

*See* (Docket No. 80-4 at 6-71). All of the above-listed entries were recorded by King & Spalding associate James Unger, who performed the majority of the work on this case. <u>Id.</u> In addition, PMA's bills include the overly vague entry, "[t]elephone conference with plaintiff's attorney." (Docket No. 80-5 at 3). To adjust for the problematic King & Spalding entries' lack of detail, the Court will reduce them by **thirty percent**, for a reduction of **3.33 hours** from Mr. Unger's time. *See* <u>Pérez-Sosa</u>, 22 F.4th at 329-30; *see also* <u>Torres-Rivera v. O'Neill-Cancel</u>, 524 F.3d 331, 339-40 (1st Cir. 2008). Because the vague PMA entry was one of three task descriptions for a single hour, the Court will simply reduce that hour by **0.33 hours**. *See* (Docket No. 80-5 at 3); <u>Torres-Rivera</u>, 524 F.3d at 336 (noting that courts may disallow generically recorded hours).

ii.  *Reasonable hourly rates*

"[T]he reasonable hourly rate in any given case 'will vary depending on the nature of the work, the locality in which it is performed, the qualifications of the lawyers, and other criteria.'" Pérez-Sosa, 22 F.4th at 325 (citation omitted). The appropriate rate is usually "that prevailing in the community for similar work" done by "lawyers of like qualifications, experience, and competence." Maceira v. Pagan, 698 F.2d 38, 40 (1st Cir. 1983) (citation omitted); Pérez-Sosa, 22 F.4th at 321 (citation omitted). "Most often, there is not a single reasonable rate for legal services but, rather, a range of reasonable rates." Pérez-Sosa, 22 F.4th at 326 (citation omitted).

To determine reasonable rates in this case, the Court considers the parties' briefing on this issue, as well as examples of fee awards from other cases in this district. The Court also relies on its own understanding of prevailing rates in Puerto Rico and its knowledge this particular case, over which the Court has presided since it began. *See* Pérez-Sosa, 22 F.4th at 326-27 & n.5 (citations omitted).

In the District of Puerto Rico, an approximate range of typical rates for **highly experienced attorneys** is **$250-300**, for **associates $150-200**, and for **paralegals and law clerks $50-100**. *See* Skytec, Inc., 2019 WL 1271459, at *4-5 (citations omitted);

Bd. of Trs. v. ILA Loc. 1740, 2022 WL 4591843, at *3 (D.P.R. 2022)
(citation omitted); Arelene Ocasio v. Comisión Estatal de
Elecciones, 2023 WL 8889653, at *3 n.5 (D.P.R. 2023) (citations
omitted); Concilio de Salud Integral, 2023 WL 3081964, at *2
(citations omitted). However, courts sometimes award fees at
higher rates. *See, e.g.*, J. Walter Thompson P.R., Inc. v. Latin
Am. Music Co., 2018 WL 7246980, at *5 (D.P.R. 2018), *report and
recommendation adopted in part*, *rejected in part*, 355 F. Supp. 3d
110 (D.P.R. 2019) (finding $350 a reasonable hourly rate); Rivera-
Molina v. Casa La Roca, LLC, 2022 WL 897145, at *1 (D.P.R. 2022)
(same).

In this case, Defendant's attorneys come from King & Spalding
and PMA. Plaintiff concedes that these law firms are respectively
one of the "oldest and largest" in the world and "one of the
largest in Puerto Rico." (Docket No. 87 at 3). All of Defendant's
attorneys have worked as judicial law clerks in federal court.
(Docket Nos. 79-4 at 4, 9, 11, 13 and 79-7 at 2). The partners
from King & Spalding and the counsel from PMA have experience
representing corporations, and both of the King & Spalding
associates have federal commercial litigation experience. (Docket
Nos. 79-4 at 2, 9, 11, 13 and 79-7 at 2).

As for the legal work performed in this case, Defendant
asserts, and Plaintiff does not dispute, that the completed tasks

include preparing a motion to dismiss, counterclaims, a motion for summary judgment, and responses to the Court's show-cause order regarding summary judgment on the counterclaims. (Docket No. 79-2 at 2-3). Defendant's counsel also engaged in written discovery, took the deposition of Carrero, prepared two of its own witnesses for depositions, and defended the deposition of a third witness. Id.; *see also* (Docket No. 87 at 6).

Given the reputation, capabilities, and experience of Defendant's counsel, as well as the discovery and motion practice that it completed, the Court finds that reasonable rates for the legal work performed by Defendant's counsel are higher than the legal rates typically charged in this district. Taking all of this into consideration, as well as each individual attorney's position and length of experience described below,[5] the Court concludes that the following rates are reasonable and appropriate in this case.

Beginning with the King & Spalding attorneys, **Quyen L. Ta** and **Arwen R. Johnson** are partners, and each has roughly two decades of experience. (Docket No. 79-2 at 3). The Court finds that a reasonable hourly rate for their work in this case is **$350**.

Next, **James A. Unger** is an associate at King & Spalding with nine years of experience. Id. at 3. An hourly rate of **$250** is

---

[5] The Court relies on the positions and years of experience that were represented by Defendant to be current as of the time of briefing.

reasonable for his services in this case. His colleague, **Diana Liu**, is another King & Spalding associate and has four years of experience. Id. at 3. A reasonable hourly rate for her work on this litigation is **$225**.

At least five King & Spalding **paralegals or litigation support staff** also billed time on this case. (Docket Nos. 79-2 at 3 and 80-4 at 7, 32, 49, 59, 63). A reasonable hourly rate for their services in this case is **$125**.

Finally, local counsel in this case is **Rosangela Sanfilippo-Resumil**, a counsel at PMA. (Docket No. 79-7 at 2). She has nearly two decades of experience as an attorney. Id. She billed Defendant at a rate of **$200**, which the Court accepts as reasonable. (Docket No. 79-5 at 2).

Defendant contends that it should be awarded attorney's fees for its King & Spalding attorneys based on normal hourly rates in California. (Docket No. 79-1 at 9). However, courts applying the lodestar method normally use local rates so long as local lawyers were available and competent to handle the work. *See, e.g.,* Libertad v. Sánchez, 134 F. Supp. 2d 218, 235 (D.P.R. 2001) (awarding Puerto Rico rate for New York lawyer); Skytec, Inc., 2019 WL 1271459, at *5-6 (awarding Puerto Rico rates for Seattle attorneys); *see also* Maceira, 698 F.2d at 40 ("Where it is unreasonable to select a higher priced outside attorney -- as, for

example, in an ordinary case requiring no specialized abilities not amply reflected among local lawyers -- the local rate is the appropriate yardstick.").

To be awarded attorney's fees at California rates, Defendant must show that it was reasonable for Molina PR, a citizen of Puerto Rico, to hire California attorneys to handle a contract dispute under Puerto Rico law. *See* id. at 40; López Vicil, 43 P.R. Offic. Trans. at 7 (discussing burden); (Docket Nos. 1 at 2 and 17 at 2); 28 U.S.C. § 1332(c), (e). Molina PR contends that its decision was reasonable because: (1) Carrero is a former senior executive; (2) Plaintiff lodged accusations against and planned to seek the testimony of senior executives of Defendant's parent company, Molina Healthcare, Inc. ("Molina"); (3) Molina is publicly traded; (4) Plaintiff sued in federal court; and (5) Plaintiff demanded a jury trial. (Docket No. 79-1 at 8-9).

None of these reasons is convincing, and only the second warrants discussion. Defendant is correct that Plaintiff sought testimony from Molina's CEO and from its Global Head of Human Resources. *See* (Docket Nos. 27 at 9-10 and 44-2 at 3). However, it was Molina PR alone, not its parent company, that was sued. (Docket No. 1 at 2). Further, even if proximity had justified Molina PR's decision to hire California attorneys for the limited purpose of representing Molina's California-based executives, Defendant does

not make this argument. Nor does it attempt to summarize for the Court which of its attorneys' time was spent preparing Molina executives to testify versus working on other issues. As such, Defendant fails to meet its burden of showing that California rates were reasonable in this case.

In reaching this conclusion, the Court does not second-guess Defendant's decision to hire King & Spalding, which Molina PR describes in passing as trusted, and by whom Defendant's parent company has previously been represented. (Docket Nos. 79-1 at 9 and 79-2 at 4). However, because a reasonable fee is guided by "prevailing market rates" for similar work, Defendant's familiarity with King & Spalding cannot by itself justify awarding fees at California rates. United States v. One Star Class Sloop Sailboat built in 1930 with hull no. 721, named "Flash II", 546 F.3d 26, 40 (1st Cir. 2008) (citation omitted).

### iii. *Lodestar amount*

Having determined a reasonable number of hours, as well as reasonable billing rates, the Court calculates the lodestar amount as follows:

| Timekeeper | Position | Hours | Rate | Fee |
|---|---|---|---|---|
| Quyen L. Ta | Partner | 82.9 | 350 | 29,015.00 |
| Arwen R. Johnson | Partner | 7.1 | 350 | 2,485.00 |
| James A. Unger | Assoc. | 374.87 | 250 | 93,717.50 |
| Diana Liu | Assoc. | 182.40 | 225 | 41,040.00 |

| Paralegals/ Litigation Support | | 75.20 | 125 | 9,400.00 |
|---|---|---|---|---|
| **King & Spalding total** | | | | **175,657.50** |
| Rosangela Sanfilippo-Resumil[6] | Counsel | 147.37 | 200 | 29,474.00 |
| **PMA total** | | | | **29,474.00** |
| **Total** | | | | **205,131.50** |

The Court finds that there are no circumstances warranting an upward or downward adjustment to this lodestar amount and will therefore award Molina PR **$205,131.50** in attorney's fees.

**2. Reasonable costs**

In addition to attorney's fees, Molina PR seeks $19,819.06 in costs. (Docket No. 79-1 at 2). These are identified in the bills from Defendant's attorneys as "Expenses Incurred" or "Expenses and Disbursements." They consist largely of expenses for meals and travel, deposition logistics, and document duplication. *See, e.g.*, (Docket Nos. 80-4 at 20, 26, 33 and 80-5 at 22). In determining a reasonable costs award, the Court presumes that a commonwealth court would put the burden of justifying the requested costs on the party seeking them, which in this case is Molina PR. *Cf.* López Vicil, 43 P.R. Offic. Trans. at 7; P.R. Laws Ann. tit. 32A, App. V, § 44.1(b). After reviewing the costs for which Defendant seeks indemnification, the Court makes the following adjustments.

---

[6] The hours credited to Ms. Sanfilippo do not include the hours for which the submitted descriptions were entirely redacted. *See* (Docket No. 80-5 at 5, 15).

     i.   *Airfare for Carrero deposition*

Molina PR requests $3,017.35 in airfare expenses related to the deposition of Carrero in Puerto Rico. *See* (Docket Nos. 44-4 at 1 and 80-4 at 20). However, the descriptions do not show whom the airfare was for, nor the date or distance of travel. Without that information, the Court cannot determine the reasonableness of this expense and will treat it analogously to generic or block-billed time entries. *Cf.* Pérez-Sosa, 22 F.4th at 329-30; Torres-Rivera, 524 F.3d at 339-40. Therefore, the Court finds that it is appropriate to reduce this expense by **twenty percent** for a deduction of **$603.47**. *See also* Guckenberger v. Boston Univ., 8 F. Supp. 2d 91, 103-05, 111 (D. Mass. 1998) (allowing travel expenses as costs despite denying out-of-town attorney's fee rates, but making deductions to said travel expenses due to descriptions that were "too vague to warrant reimbursement").

    ii.   *Professional services & consultations;*
                     *transcription services*

Molina PR requests $6,548.38 for fees to a vendor called Veritext, presumably for deposition services. *See* (Docket No. 80-5 at 22). However, Defendant's descriptions of these costs do not mention depositions, nor do they provide a name or date of service. Because the Court cannot ascertain the nature of these costs, it

will reduce them by **twenty percent**, applying a reduction of **$1,309.68**. *Cf.* <u>Pérez-Sosa</u>, 22 F.4th at 329-30.

      iii. *Translation and transcription costs*

Defendant requests $5,140.00 for the transcription and translation of Carmen Hernández' deposition. *See* (Docket No. 80-4 at 38). Plaintiff objects and argues that hiring an interpreter to appear at a deposition is less expensive than having the deposition transcript translated. (Docket No. 87 at 10). Plaintiff also argues that federal law does not allow awarding translation costs. <u>Id.</u> However, the cases it cites for this latter point relate to 28 U.S.C. § 1920(6), which does not apply here. *See* <u>Davila-Feliciano v. P.R. State Ins. Fund</u>, 683 F.3d 405, 406 (1st Cir. 2012).

The Court finds that it was within reason for Molina PR to pay for translation instead of interpretation. There are multiple reasons why Defendant might have reasonably preferred for the deposition of one of its employees to be translated after the deposition rather than interpreted simultaneously. That said, Defendant's description of the transcription and translation costs are too vague for the Court to determine whether the $5,140.00 spent was reasonable. Defendant does not provide the length of the transcription or translation, nor does Defendant explain why it appears to have paid for the projects to be rushed. *See* (Docket No. 80-4 at 41). Both factors would have contributed significantly

to the cost of transcription and translation. Accordingly, the Court will reduce these expenses by **twenty percent**, for a reduction of **$1,028.00**. *Cf.* Pérez-Sosa, 22 F.4th at 329-30.

All told, the Court will reduce Defendant's costs request of $19,819.06 by **$2,941.15**, resulting in a costs award of **$16,877.91**.

## IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's *Motion for Attorneys' Fees and Costs* at Docket No. 79. Given the Court's determination that a proper attorney's fee award is **$205,131.50** and a proper costs award is **$16,877.91**, the total award of legal expenses is **$222,009.41**. Accordingly, Carrero **SHALL** pay $222,009.41 to Molina PR.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of June 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE