IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS A. CARRERO, <br><br>**Plaintiff,** <br><br> v. <br><br> MOLINA HEALTHCARE OF PUERTO RICO, INC., <br><br> **Defendant.** | **CIVIL NO. 21-1605 (RAM)** |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court are the parties' *Joint Stipulation of Dismissal* and *Settlement Agreement*. (Docket Nos. 106 and 107). For the reasons outlined below, the Court hereby **NOTES** the *Joint Stipulation of Dismissal* and the *Settlement Agreement* and **VACATES** the *Writ of Execution*.

### I. PROCEDURAL BACKGROUND

On August 11, 2023, the Court granted summary judgment to Defendant Molina Healthcare of Puerto Rico, Inc. ("Defendant") on Plaintiff Carlos Carrero's ("Plaintiff") *dolo* (deceit) claim. (Docket No. 63). On September 22, 2023, the Court granted summary judgment to Defendant on its breach-of-contract counterclaim and dismissed its unjust enrichment counterclaim. (Docket No. 75). On June 18, 2024, the Court granted in part and denied in part Defendant's *Motion for Attorney Fees and Costs* (Docket No. 88) and

entered the *Judgment* in favor of Defendant's breach of contract counterclaim, closing the case. (Docket No. 89).

Plaintiff appealed on July 2, 2024. (Docket No. 90). The Court issued a *Writ of Execution* on September 6, 2024. (Docket No. 97). In August and September 2024, the parties engaged in settlement negotiations and requested a stay of enforcement proceedings. (Docket Nos. 98; 99; 102 and 104). On October 10, 2024, the parties filed their *Joint Stipulation of Dismissal* and *Settlement Agreement*, asking the Court to maintain jurisdiction to enforce the *Agreement*. (Docket Nos. 106 at 2-3 and 107 at 2-3).

## II.  LEGAL STANDARD

### A. Subject-Matter Jurisdiction

Federal courts are courts "of limited jurisdiction." Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (citation omitted). The existence of subject-matter jurisdiction can never be presumed, and objections to subject-matter jurisdiction may be raised "at any time." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011); *see* Fafel, 399 F.3d at 410. Parties cannot consent to or waive subject-matter jurisdiction. *See*, *e.g.*, Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

There are two types of independent subject-matter jurisdiction: diversity and federal question. *See* 28 U.S.C. §§

1331-32. In the absence of independent subject-matter jurisdiction, ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." Industria Lechera De P.R., Inc. v. Beiró, 989 F.3d 116, 122 (1st Cir. 2021) (quotation omitted). Ancillary jurisdiction can be used: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (citations omitted).

A district court generally loses its jurisdiction "upon the filing of a notice of appeal." United States v. Vázquez-Rosario, 45 F.4th 565, 569 (1st Cir. 2022); *see also* United States v. Naphaeng, 906 F.3d 173, 177 (1st Cir. 2018) (district courts cannot "proceed with any matter related to the appeal's substance during the pendency of the appeal") (citation omitted). The filing of an appeal does not automatically stay enforcement of a judgment. *See* Diaz-Colon v. Toledo-Davila, 980 F.2d 214, 217 (D.P.R. 2013); Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Nken v. Holder, 566 U.S. 418, 421 (2009); Fed. R. App. P. 8(a).

**B. Settlement Agreements**

In order to oversee a settlement agreement, a district court must retain subject-matter jurisdiction before the underlying case is dismissed. *See*, *e.g.*, Kokkonen, 511 U.S. at 381-82. In Kokkonen, the Supreme Court held that a district court lacks ancillary jurisdiction to enforce a settlement agreement arising from a previously dismissed case when the agreement is not incorporated into the original order of dismissal. *See* id. at 381. A settlement agreement with independent subject-matter jurisdiction can be enforced by a district court. *See* id. at 382. However, the mere fact that a settlement agreement is related to a previous federal case does not create subject-matter jurisdiction. *See* id. at 381-82. Without subject-matter jurisdiction, the enforcement of a settlement agreement is left for the state courts to manage. *See* id. at 382.

The First Circuit has reiterated Kokkonen's restrictions on district court enforcement of settlement agreements. *See*, *e.g.*, F.A.C., Inc. v. Cooperativa de Seguros de Vida de P.R., 449 F.3d 185, 189 (1st Cir. 2006) (a federal court does not have "jurisdiction to enforce a settlement merely because it presided over" the initial lawsuit); Lipman v. Dye, 294 F.3d 17, 20 (1st Cir. 2002); Mun. of San Juan v. Rullan, 318 F.3d 26, 30 (1st Cir.

2003); Roman-Oliveras v. P.R. Elec. Power Auth., 797 F.3d 83, 86-87 (1st Cir. 2015).

### III. DISCUSSION

The Court originally had diversity jurisdiction to hear the case at bar. (Docket No. 1 ¶ 1.1); *see* 28 U.S.C. § 1332. However, on June 18, 2024, the entry of the *Judgment* closed the case without retaining ancillary jurisdiction over a settlement as none had been reached at that time. (Docket No. 89). Plaintiff timely filed an appeal on July 2, 2024, at which point the Court no longer had jurisdiction to proceed with any of the matters relating to the merits of Plaintiff's appeal. (Docket No. 90); *see*, *e.g.*, Vázquez-Rosario, 45 F.4th at 569; Naphaeng, 906 F.3d at 177. However, the Court did retain jurisdiction to enforce its judgment. *See* Nken, 566 U.S. at 421 (enforcement of a judgment is not automatically stayed because an appeal is pending).

The Court notes that the parties have settled their issues. (Docket Nos. 106 and 107). However, Kokkonen and its progeny show that the Court lacks subject-matter jurisdiction to oversee enforcement of this belated settlement agreement. Any future conflict involving enforcement of the *Settlement Agreement* must be resolved through an ordinary action for breach of contract in state court unless an independent basis for federal subject-matter

jurisdiction exists at the time of filing. *See* Kokkonen, 511 U.S. at 382. The *Writ of Execution* of the *Judgment* is vacated. (Docket No. 97).

### IV.  CONCLUSION

For the reasons set forth above, the Court **NOTES** the parties' *Joint Stipulation of Dismissal* and *Settlement Agreement* at Docket Nos. 106 and 107 and **VACATES** the *Writ of Execution* at Docket No. 97.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of October 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE